UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WINTERS,

                        Plaintiff,

            -against-

THE STATE OF NEW YORK; GOVERNOR
ANDREW CUOMO,

                        Defendants.

20-CV-8128 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights. He also seeks to bring criminal charges

against Defendants under 18 U.S.C. §§ 241, 242. By order dated October 14, 2020, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On October 8, 2019, Yorktown Police Officers "surrounded" and "raided" Plaintiff's grandmother's house, where Plaintiff was staying at the time. (ECF No. 2, at 5.) The officers were enforcing an "Extreme Risk Protection Order"[1] ("ERPO") that was issued for Plaintiff "based on an affidavit that was self-notarized by

---

[1] An ERPO is a "court-issued order of protection prohibiting a person from purchasing, possessing or attempting to purchase or possess a firearm, rifle or shotgun." N.Y. C.P.L.R. § 6340(1).

two of [Plaintiff's] cousins," who are attorneys.[2] (*Id.*) The affidavits "contained a completely fabricated story" which was "nothing short of libel" and "conspiracy." (*Id.*) Several pages of the affidavits were "clearly ghostwritten" by Plaintiff's cousins and were not written by "the other people who signed them." (*Id.*) A search warrant was "somehow granted" and the police confiscated "prop guns and air rifles and only one actual firearm." (*Id.*) Plaintiff maintains that the affidavit "had no evidence of an imminent threat, unless having to explain the US Constitution to a lawyer ([his] cousin Christen) in a text message counts as one." (*Id.*)

Plaintiff states that he was never charged with a crime, detained in jail, or interrogated. "Nothing was properly investigated and there was no trial before [his] Constitutional Rights were violated and suspended and [he] was essentially made a victim of armed robbery by the State." (*Id.*)

Plaintiff asserts that by signing the ERPO law, Governor Cuomo "knowingly and willingly" deprived New Yorkers of their constitutional rights and "facilitated the use of tyrannical force by the State to ensure such deprivation." (*Id.* at 6.) The law "allows for the circumvention, misuse, and abuse of the judicial system" in a way that "will surely disproportionately affect other minorities and the poor."[3] (*Id.*) Plaintiff further argues that the ERPO law does not require "hard evidence," but rather "allows for hearsay, conjecture, and complete, malicious lies." (*Id.*) And, "[l]ike many other gun laws, this one blatantly defies federal laws and tries to supersede them," which is unconstitutional. (*Id.*)

---

[2] Plaintiff further alleges that his cousins had the police visit the house twice the week before the raid and then twice the week after the raid. Plaintiff alleges that "nothing was confiscated" and asserts that this "constitutes harassment." (*Id.*)

[3] Plaintiff fails to allege any facts suggesting that the law was enforced against him on the basis of his race or any other protected characteristic.

Plaintiff alleges that execution of the ERPO caused him extreme emotional distress and anxiety that led to stomach problems and put him "into a situation where [he] wound up in a car crash in the snow on [his] way to file a previous damages claim and totaled the vehicle." (*Id.*)

He seeks repeal of the ERPO law, "immediate return" of his "property," criminal charges against his cousins and Governor Cuomo, and $17.88 million in money damages. (*Id.*)

## DISCUSSION

### A.    Criminal claims

The Court must dismiss Plaintiff's claims arising under 18 U.S.C. §§ 241, 242, which are federal criminal statutes. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims Plaintiff may be asserting in which he seeks criminal charges for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.    Section § 1983 claims against the State of New York and Governor Cuomo

Because Plaintiff alleges that Defendants have violated his federal constitutional rights, the Court construes his remaining claims as arising under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Court must dismiss Plaintiff's § 1983 claims against the State of New York and Governor Cuomo because these claims are barred by the doctrine of Eleventh Amendment

immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York and Governor Cuomo are therefore barred by the Eleventh Amendment and are dismissed.

## C.    Fourth Amendment claims

The Court construes Plaintiff's allegations that police officers raided his home and confiscated his property as arising under the Fourth Amendment. The Fourth Amendment protects the rights of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable," *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal citation omitted), but searches and seizures conducted "pursuant to a warrant issued by a neutral magistrate [are] presumed reasonable because such warrants may issue only upon a showing of probable cause," *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see also Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves

a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]");*Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991) ("[T]he issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause.). A plaintiff may overcome this presumption if he can "show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994).

Here, Plaintiff states that the police had a warrant, but he alleges that the warrant was obtained based on false statements. Beyond conclusory assertions, however, Plaintiff does not allege any facts suggesting that information contained in the affidavits or other underlying documents was false or that the warrant was based on such false information. Plaintiff does not plausibly plead facts to overcome the presumption that the officers' search of her residence and seizure of property pursuant to the search warrant was reasonable. Moreover, Plaintiff fails to name as a defendant any individual state actor who was personally involved in any alleged violation of this rights under the Fourth Amendment.

In any amended complaint, Plaintiff must provide the names of the individual officers involved in the search and seizure and allege facts suggesting that the officers' reliance on the warrant was not reasonable because it was facially invalid, or it was procured through fraud or other misrepresentations. Unsupported assertions that the police officers "illegally" or "unlawfully" searched Plaintiff's residence and seized property are not sufficient to state a claim.

D.     **Deprivation of property**

Plaintiff also seeks the return of property confiscated by the police. A claim for

deprivation of property is not cognizable in federal court if the state courts provide a remedy for

the deprivation of that property.[4] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v.*

*Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). New York provides such an

adequate post-deprivation remedy. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983).

Because Plaintiff does not allege facts suggesting that his remedy under state law is in any way

inadequate or inappropriate, *see Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990), his claim

with respect to the seized property must be dismissed.

E.     **Second Amendment claim**

The Court construes Plaintiff's allegations as asserting a claim that the ERPO violates his

right to bear arms under the Second Amendment. The Court further construes his request for

"repeal" of the ERPO as seeking prospective injunctive relief under the *Ex Parte Young*

exception to sovereign immunity. 209 U.S. 123 (1908).

In analyzing challenges under the Second Amendment, courts in the Second Circuit

engage in a two-step inquiry. First, the court must consider "whether the restriction burdens

conduct protected by the Second Amendment." *New York State Rifle & Pistol Ass'n, Inc. v.*

*Cuomo*, 804 F.3d 242, 254 (2d Cir. 2015) ("NYRP"). Second, if the challenged restriction does

---

[4] A deprivation of property without due process claim under the Fourteenth Amendment is distinct from the unlawful seizure of property claim under the Fourth Amendment claim discussed above. The Fourth Amendment deals with the seizure of the property itself, rather than the defendants' later refusal to return the property, which would fall under Fourteenth Amendment. *See Fox v. Van Oosterum*, 176 F.3d 342, 350-51 (2d Cir. 1999) (citing *Soldal v. Cook County, Ill.*, 506 U.S. 56, 70 (1992)).

burden Second Amendment rights, the court "must determine and apply the appropriate level of scrutiny." *Id.*

The Second Amendment protects "only the sorts of weapons that are (1) in common use and (2) typically possessed by law-abiding citizens for lawful purposes." *Id.* at 254-55 (internal quotation marks and citations omitted). In determining the level of scrutiny that applies, courts look to two factors: (1) "how close the law comes to the core of the Second Amendment Right and (2) the severity of the law's burden on the right." (*Id.* at 258) (internal quotation marks and citations omitted); "[H]eightened scrutiny is triggered *only* by those restrictions that . . . operate as a substantial burden on the ability of law-abiding citizens to possess and use a firearm for . . . lawful purposes." *Id.* at 259 (internal quotation marks and citations omitted, second ellipses in original); *see Abekassis v. New York City, New York*, ECF 1:19-CV-8004, 20, 2020 WL 4570594, at *9 (S.D.N.Y. Aug. 7, 2020) (holding that good moral character factors in the New York State gun licensing scheme "do not implicate the Second Amendment's core, because they deny such possession only to persons who are found not to be "law-abiding and responsible") (appeal filed Sept. 8, 2020).

If the court determines that heightened scrutiny is appropriate in a Second Amendment case, intermediate scrutiny applies and the key question is whether the challenged statute is "substantially related to the achievement of an important governmental interest." *Id.* at 261 (internal quotation marks and citations omitted). It is generally beyond question that states have "substantial, indeed compelling, governmental interests in public safety and crime prevention." *Id.* (internal quotation marks and citation omitted).

Should Plaintiff wish to pursue a constitutional challenge to the ERPO under the Second Amendment, he must reallege his claims in any amended complaint and name as defendants the state official or officials who he seeks to enjoin from violating his Second Amendment rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid § 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendants in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Yorktown Police Officer John Doe #1, searched Plaintiff's home at 3 p.m. on November 4, 2020."

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of

the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and

plain statement of the relevant facts supporting each claim against each defendant named in the

amended complaint. Plaintiff is also directed to provide the addresses for any named defendants.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the
original complaint, any facts or claims that Plaintiff wishes to maintain must be included in
the amended complaint.**

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-8128 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   November 9, 2020
         New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          _____ Civ. _____ ( _____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED
COMPLAINT**

                         -against-

_____          Jury Trial:   ☐ Yes      ☐ No
_____                              (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.       **Parties in this complaint:**

A.       List your name, address and telephone number.  If you are presently in custody, include your
         identification number and the name and address of your current place of confinement.  Do the same
         for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.       List all defendants.  You should state the full name of the defendant, even if that defendant is a
         government agency, an organization, a corporation, or an individual.  Include the address where
         each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
         contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

**What happened to you?**

_____

_____

_____

**Who did what?**

_____

_____

_____

**Was anyone else involved?**

_____

_____

**Who else saw what happened?**

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.       Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Mailing Address        _____

_____

_____

Telephone Number        _____

Fax Number *(if you have one)*    _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number        _____